IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS FRANKLIN BAKER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-8-GPM |
| | ) |
| AIR & LIQUID SYSTEMS | ) |
| CORPORATION, a/k/a Buffalo Pumps, Inc., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for remand to state court brought by Plaintiff Thomas Franklin Baker, Jr. (Doc. 10) and the motion to stay brought by Defendant Foster Wheeler Energy Corporation ("Foster Wheeler") (Doc. 14). In this case Baker seeks damages for lung cancer that he has contracted allegedly as a result of exposure to asbestos. This case was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and Foster Wheeler, which is sued individually and as successor-in-interest to C.H. Wheeler, has removed the case to this Court.[1] Federal subject matter jurisdiction is alleged on the basis of 28 U.S.C. § 1442,

---

1. It appears from the record of this case that, in addition to Air & Liquid Systems Corporation, a/k/a Buffalo Pumps, Inc., Foster Wheeler's co-Defendants are: A.W. Chesterton Co.; Aldrich Pump Co., a subsidiary of Ingersoll-Rand; Alfa Laval, Inc., individually and as successor-in-interest to Sharpless Corp.; A.O. Smith Corp.; Asco Valves, Inc.; Aurora Pump Co.; Borg-Warner Corp. by its successor-in-interest Borgwarner Morse Tec, Inc.; Carrier Corp.; Carver Pump Co.; CBS Corp., a Delaware corporation, f/k/a Viacom, Inc., successor by merger to CBS Corp., a Pennsylvania corporation, f/k/a Westinghouse Electric Corp.; Certain-Teed Corp.; Cleaver-Brooks, Inc., f/k/a Cleaver Brooks, a division of Aqua-Chem, Inc.; Control Components, Inc., sued individually and as successor-in-interest to Bailey Valves Co.; Copes Vulcan, Inc.; Crane Co., sued individually and

the so-called "federal officer" removal statute. Baker in turn has filed what he styles an "emergency" motion for remand of this case to state court for lack of subject matter jurisdiction. Foster Wheeler has requested a stay of these proceedings pending transfer of this case to a multidistrict litigation ("MDL") proceeding by the Judicial Panel on Multidistrict Litigation ("JPML"). Having considered the matter carefully, the Court now rules as follows.

The Court turns first to Foster Wheeler's request for a stay of proceedings in this action pending transfer of the action by the JPML to an MDL proceeding for coordinated or consolidated pretrial proceedings. *See* 28 U.S.C. § 1407. As Foster Wheeler acknowledges, the Court retains full jurisdiction over this action until such time as a transfer order by the JPML is filed in the office of the clerk of the district court of the transferee district, in this instance the United States District Court for the Eastern District of Pennsylvania. *See Illinois Mun. Ret. Fund v. Citigroup, Inc.*, 391 F.3d

---

as successor-in-interest to Cochrane, Inc., a/k/a Jenkins Valves, Inc., a/k/a Pacific Pump, Inc.; Crown Cork & Seal Co.; Dana Cos., LLC; Deere & Co., a/k/a John Deere Co.; Dezurik; Dover Corp., Blackmer Pump Division; Eaton Corp.; Elliott Turbomachinery Co.; Flowserve Corp., sued individually and as successor-in-interest to BW/IP International, Inc., f/k/a Byron Jackson Pump Division and Pacific Pumps; FMC Corp., sued as successor of Northern Ford Motor Co., Pumps, and Peerless Pumps; Gardner Denver, Inc.; General Electric Co.; Genuine Parts Co., a/k/a NAPA Auto Parts; Georgia-Pacific, LLC; Goulds Pumps, Inc.; Grinnell, LLC; Hardie-Tynes Co.; Honeywell International, Inc.; Illinois Tool Works, Inc., individually and as successor-in-interest to Devcon, Ltd.; Imo Industries, Inc., individually and as successor-in-interest to Delaval Turbine, Inc.; Ingersoll-Rand Co.; ITT Corp., f/k/a ITT Industries, Inc.; John Crane, Inc.; John Morrell & Co.; Johnston Boiler Co.; J.P. Bushnell Packing Supply Co.; Kaiser Gypsum Co.; Metropolitan Life Insurance Co.; Owens-Illinois, Inc.; Peerless Industries, Inc.; Pneumo Abex Corp.; Rexnord Industries, LLC, a/k/a Falk Corp.; Riley Power, Inc., f/k/a Riley Stoker Corp.; SB Decking, Inc., f/k/a Selby, Battersby & Co.; Sprinkmann Sons Corp.; Trane U.S., Inc., f/k/a American Standard, Inc.; Tyco International (U.S.), Inc., for Tyco Valves & Controls, a unit of Tyco Flow Control, as successor to Yarway Corp., J.E. Lonergan, Grinnell Corp., and Kunkle Valve; Union Carbide Corp.; Velan Valve Corp.; Viad Corp., as successor-in-interest to Griscom-Russell; Viking Pumps, Inc.; Warren Pumps, LLC; Weil-McLain Co.; Weir-Valves & Controls U.S.A., Inc., d/b/a Atwood & Morrill Co.; William Powell Co.; Yarway Corp.; York International Corp.; Young Group, Ltd., f/k/a Young Sales Corp.; Young Insulation Group of St. Louis, Inc.; and Zurn Industries, LLC.

844, 850 (7th Cir. 2004). The decision to grant or deny a stay rests within the Court's discretion. *See Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 997 (S.D. Ill. 2006). This Court has adopted a framework for deciding whether to address a motion to remand a case for lack of subject matter jurisdiction or to defer consideration of the motion pending transfer of a case by the JPML. Under this framework, the Court's "first step should be to make a preliminary assessment of the jurisdictional issue." *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 846 (S.D. Ill. 2006) (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1048 (E.D. Wis. 2001)). If this first step indicates that removal was improper, "then the court 'should promptly complete its consideration and remand the case to state court.'" *Id.* (quoting *Meyers*, 143 F. Supp. 2d at 1049). The Court's initial assessment of Baker's motion for remand and the response thereto filed by Foster Wheeler suggests that the removal of this case is improper. Therefore, the Court concludes that it should consider the jurisdictional issue raised by the motion for remand even though Foster Wheeler is attempting to have this case transferred by the JPML. *See Illinois Mun. Ret. Fund*, 391 F.3d at 852 ("Though some district courts stay proceedings during the interim following a conditional transfer order, this is not required where the court concludes that it lacks subject matter jurisdiction.") (citation omitted). Foster Wheeler's motion will be denied.

      The Court turns then to the merits of Baker's motion for remand. In this case, as noted, the asserted basis for federal subject matter jurisdiction is 28 U.S.C. § 1442, which provides, in relevant part, for the removal of "[a] civil action . . . commenced in a State court against . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office[.]" 28 U.S.C. § 1442(a)(1). To effect removal as a person acting under a federal

officer, Foster Wheeler must prove three elements: (1) it is a "person" within the meaning of the statute; (2) it acted under the direction of a federal officer, meaning that there is a nexus or causal connection between Baker's claims and the acts Foster Wheeler allegedly performed under the direction of a federal officer; and (3) Foster Wheeler has a colorable federal defense to state-law liability. *See Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 129 (1989); *Willingham v. Morgan*, 395 U.S. 402, 407 (1969); *Wisconsin v. Schaffer*, 565 F.2d 961, 964 (7th Cir. 1977); *Mills v. Martin & Bayley, Inc.*, Civil No. 05-888-GPM, 2007 WL 2789431, at *5 (S.D. Ill. Sept. 21, 2007). Removal pursuant to Section 1442 does not require Foster Wheeler to notify or obtain the consent of any other Defendant in this case in order to remove the entire case to federal court. *See Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 842-43 (S.D. Ill. 2006) (collecting cases). As the proponent of removal, however, Foster Wheeler "bears the burden of establishing federal subject matter jurisdiction," and "[d]oubts concerning removal must be resolved in favor of remand to the state court." *Id*. at 841.

Foster Wheeler claims that it is entitled to invoke federal officer jurisdiction because at least part of Baker's alleged exposure to asbestos occurred while Baker was serving in the United States Navy ("USN") aboard the U.S.S. *Chemung*, a vessel for which Foster Wheeler claims that it manufactured components, including boilers and economizers, that contained asbestos. The parties do not dispute that Foster Wheeler is a "person" for purposes of the first prong of the test of federal officer jurisdiction. *See Glein v. Boeing Co.*, Civil No. 10-452-GPM, 2010 WL 2608284, at *2 (S.D. Ill. June 25, 2010) (a corporation is a "person" within the meaning of 28 U.S.C. § 1442); *Stephens v. A.W. Chesterton, Inc.*, Civil No. 09-633-GPM, 2009 WL 3517560, at *2 (S.D. Ill. Oct. 22, 2009) (same). With respect to the second and third prongs of the test,

Foster Wheeler claims that in designing equipment for the U.S.S. *Chemung* the company acted under the direction of the USN and that the company is entitled to assert the so-called "government contractor defense" or "military contractor defense." That defense provides generally, of course, that a private contractor is shielded from liability under state law for defects in products or equipment that it produced for the United States if: (1) the United States approved reasonably precise specifications for the products or equipment; (2) the products or equipment conformed to those specifications; and (3) the contractor warned the United States about any dangers known to the contractor but not to the United States. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997-98 (7th Cir. 1996); *Lambert v. B.P. Prods. N. Am., Inc.*, Civil No. 04-347-GPM, 2006 WL 924988, at *6 (S.D. Ill. Apr. 6, 2006). To establish the second prong of the test of federal officer jurisdiction with respect to Baker's claim of negligence against Foster Wheeler based on the latter's alleged failure to warn of the asbestos contained in the products the company furnished to the USN, Foster Wheeler must produce evidence that the USN prevented the company from complying with its duty to warn under state law. *See Rinier v. A.W. Chesterton, Inc.*, Civil No. 09-1068-GPM, 2010 WL 289194, at *2 (S.D. Ill. Jan. 19, 2010). Similarly, to establish the first prong of the government contractor defense, Foster Wheeler must show that the USN approved specific warnings that precluded Foster Wheeler from complying with its state-law duty to warn. *See Weese v. Union Carbide Corp.*, Civil No. 07-581-GPM, 2007 WL 2908014, at **7-9 (S.D. Ill. Oct. 3, 2007).[2]

---

2. The second prong of the test of federal officer jurisdiction and the first prong of the government contractor defense are very similar, obviously, and they tend to merge in the analysis of a claim of federal officer jurisdiction. *See, e.g., Hilbert v. Aeroquip, Inc.*, 486 F. Supp. 2d 135, 147-48 & n.11 (D. Mass. 2007).

In support of its claim of federal officer jurisdiction Foster Wheeler has submitted to the Court an affidavit given by J. Thomas Schroppe, an employee of Foster Wheeler between 1962 and 1999, and a transcript of a deposition of Schroppe. *See* Doc. 2-2 at 135-39; Doc. 2-3 at 1-47; Doc. 13-3. Also, Foster Wheeler has submitted to the Court an affidavit given by Ben J. Lehman, a retired USN rear admiral who served as a ship superintendent in the USN and who claims in that capacity to have had personal involvement with the supervision and oversight of ship construction as well as ship alterations and equipment overhauls, and a transcript of a deposition of Lehman. *See* Doc. 2-3 at 48-55; Doc. 13-5; Doc. 13-6.[3] In the past the Court has attached little significance to such evidentiary materials, unaccompanied as they are by exemplar contracts between the USN and its contractors or pertinent regulations promulgated by the USN or another responsible agency. *See, e.g., Sether v. Agco Corp.*, Civil No. 07-809-GPM, 2008 WL 1701172, at **3-4 (S.D. Ill. Mar. 28, 2008). Most importantly, even assuming for the sake of argument that it is the case that, as Schroppe and Lehman claim, the USN exercised the final control over the content of the warnings that accompanied the equipment supplied to it by Foster Wheeler, this does not dispose of the possibility that Foster Wheeler had responsibility for designing the warnings, in whole or in part, or that the USN required contractors like Foster Wheeler to provide safety warnings in accordance with state-law duties of care. *See id*. at *4. The Court is mindful that, "[b]ecause federal

---

3.   Foster Wheeler also has submitted to the Court the affidavit of Lawrence Stilwell Betts, a physician and retired USN officer. *See* Doc. 13-4. The gist of Betts's affidavit is that the USN's knowledge of the health hazards associated with the use of asbestos at the times relevant to this case represented the state of the art and, consequently, Foster Wheeler could not have possessed any information regarding the dangers posed by the use of asbestos that was not already known by the USN. Because the Court concludes that Foster Wheeler has failed to prove the first prong of the government contractor defense, the Court need not address whether Foster Wheeler has proven the third prong of the defense.

officer removal is rooted in 'an anachronistic mistrust of state courts' ability to protect and enforce federal interests and immunities from suit,' although such jurisdiction is read 'expansively' in suits involving federal officials, it is read narrowly where, as in this instance, only the liability of a private company purportedly acting at the direction of a federal officer is at issue." *Weese*, 2007 WL 2908014, at *3 (quoting *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp. 2d 1144, 1150, 1152 n.6 (D. Colo. 2002)).  Additionally, the Court is required to construe the record in this case "in the light most favorable to remand while resolving all deficiencies in the record against . . . the proponent of removal[.]" *Alsup*, 435 F. Supp. 2d at 846.  The Court concludes that this action is due to be remanded to state court.

To conclude, Foster Wheeler's motion for a stay (Doc. 14) is **DENIED**.  Baker's motion for remand (Doc. 10) is **GRANTED**.  Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: February 7, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge